# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Rachel E. Skaggs,

    Plaintiff,

v.                                         Case No. 2:18-cv-396

Commissioner of Social Security,       Judge Michael H. Watson

    Defendant.                       Magistrate Judge Jolson

## OPINION AND ORDER

On December 18, 2018, Magistrate Judge Jolson issued a Report and Recommendation ("R&R") that recommended the Court overrule Rachel E. Skaggs's ("Plaintiff") Statement of Specific Errors and affirm the Commissioner of Social Security's decision. R&R, ECF No. 13. Plaintiff objects to the R&R. Obj., ECF No. 16.

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The undersigned has reviewed *de novo* the record in this case, the Magistrate Judge's R&R, and Plaintiff's objection and concludes that the decision of the Administrative Law Judge

("ALJ") applied the correct legal standard and is supported by substantial evidence. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009).

On March 17, 2017, the ALJ issued an opinion finding that Plaintiff is not disabled as defined by the Social Security Act, and the Appeals Council subsequently denied review. The Magistrate Judge recommended affirming the ALJ's finding. In her objection to the Magistrate Judge's R&R, Plaintiff reiterates the argument she made in her Statement of Specific Errors: that the ALJ failed to classify her C6 radiculopathy as a severe or non-severe impairment at step two of the analysis and therefore failed to adequately consider the functional impact of the impairment when performing the residual functional capacity ("RFC") analysis. *See* Statement of Specific Errors 15–17, ECF No. 11.

But the ALJ did find that some of Plaintiff's impairments are severe. ALJ Decision, ECF No. 10-2, PAGEID ## 92–93. Once the ALJ determined that Plaintiff had some severe impairments, he continued to consider *all* of Plaintiff's impairments (severe and non-severe) in determining Plaintiff's RFC, as required by the regulations. *See id.* PAGEID ## 102–18; 20 C.F.R. § 404.1545(e). Because the ALJ considered the functional impact of all of Plaintiff's impairments, the failure to classify the C6 radiculopathy as severe or non-severe makes no difference. *Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2003) ("Because the ALJ found that [the plaintiff] had a severe impairment at step two of the analysis, the question of whether the ALJ characterized another alleged impairment as severe or not severe is of little consequence."). Moreover,

although Plaintiff asserts that the ALJ never substantively discussed her C6 radiculopathy diagnosis in the analysis, the record demonstrates that the ALJ acknowledged the diagnosis and reviewed all of Plaintiff's medical records documenting Plaintiff's range or motion, strength, and bilateral abilities before concluding that Plaintiff was not disabled. ALJ Decision, ECF No. 10-2, PAGEID ## 102–18. In short, the ALJ's decision was supported by substantial evidence.

Accordingly, Plaintiff's objection is **OVERRULED**. The Court **ADOPTS** the R&R and **AFFIRMS** the Commissioner of Social Security's decision. The Clerk is **DIRECTED** to enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**